# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 2, 2007

121995 (16)

In re:

The Honorable GERARD TRUDEL,
Judge, 24th District Court

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 121995
JTC: Formal Complaint No. 68

_____/

On order of the Court, the motion for entry of a default judgment is considered pursuant to MCR 3.101(S), and it is GRANTED. A default judgment in the amount of $15,241.66 is GRANTED against the garnishee.

WEAVER, J., dissents and states as follows:

I would deny the Judicial Tenure Commission's motion for the Supreme Court to enter a default judgment against the garnishee defendant, California Charley's Corporation. The respondent, Judge Trudel, is the apparent sole shareholder of that corporation, and there is no constitutional authority to assess costs against the respondent. Therefore, there is no corresponding authority to enter a default judgment against the garnishee defendant. Thus, the commission's motion should be denied.

See my statement concurring in the September 22, 2006 order in this matter denying appointment of a receiver and relief from orders. 477 Mich 1202, 1203 (2006). In that statement, I objected to the commission's attempt to have the Supreme Court order the assessment and collection of costs against the respondent because there is no constitutional authority for the Supreme Court to assess costs against a judge as a respondent in a matter involving the Judicial Tenure Commission.

Subsection 2 of Const 1963, art 6, § 30 establishes the Supreme Court's limited authority to discipline and provides that "the supreme court may censure, suspend with or without salary, retire or remove a judge . . . ." As I stated in my concurrence in *In re Noecker,* 472 Mich 1, 18-19 (2005), "Nothing in this constitutional provision gives this Court any authority to discipline the judge by assessing the judge the costs of the Judicial Tenure Commission proceedings against him or her."

While under Const 1963, art 6, § 30(2) the Supreme Court also has the authority to "make rules implementing this section [concerning the Judicial Tenure Commission],"[1] the Supreme Court *cannot* create Judicial Tenure Commission rules that authorize the Judicial Tenure Commission to recommend to the Supreme Court something that the Supreme Court does not have constitutional authority to do. The rule-making authority available to the Supreme Court is limited to making rules "implementing this section." And, because "this section" provides that "the supreme court may censure, suspend with or without salary, retire or remove a judge," this Court only has the authority to make rules implementing the section in connection with the *censure, suspension with or without salary, or retirement or removal of a judge*. Assessment and collection of costs is not included in this authority to discipline a judge. As the Supreme Court does not have authority to assess and collect costs granted to it by the Michigan Constitution, there is no corresponding rule-making authority to provide for the Judicial Tenure Commission to recommend to the Supreme Court the assessment and collection of costs against a respondent judge. This Court may not delegate authority that it lacks in the first place.

KELLY, J., dissents and states as follows:

I would deny the motion for entry of a default judgment because it appears that the interrogatories that serve as the basis for the default judgment were not served within the time permitted by MCR 3.101(L)(1).

---

[1] While not pertinent to the matter now before us, the Supreme Court also has the authority to make rules "providing for confidentiality and privilege of proceedings." Const 1963, art 6, § 30(2).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 2, 2007

_____
Clerk

t1030