# Order

**Michigan Supreme Court**
**Lansing, Michigan**

August 1, 2008

121995 (20)

In re:

The Honorable GERARD TRUDEL,
Judge, 24th District Court

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 121995
JTC: Formal Complaint No. 68

_____/

On order of the Court, the motion for appointment of receiver is considered. We DIRECT the petitioner to produce evidence within 28 days after the date of this order to support the allegation in its motion that the respondent failed to appear for a creditor's examination pursuant to a subpoena issued by this Court.

The motion to appoint a receiver remains pending.

WEAVER, J., dissents and states as follows:

I dissent from the order directing the petitioner, the Judicial Tenure Commission, to produce evidence to support its motion. I would deny the petitioner's second motion for appointment of a receiver for the reasons stated in my concurrence to this Court's September 22, 2006, order denying the Judicial Tenure Commission's first motion for appointment of a receiver:

> I write separately to note that my basis for denial of petitioner's motion is that there is no constitutional authority to assess costs against a judge. Subsection 2 of Const 1963, art 6, § 30 provides that "the supreme court may censure, suspend with or without salary, retire or remove a judge . . . ." As I stated in my concurrence in *In re Noecker,* 472 Mich 1, 18-19 (2005), "Nothing in this constitutional provision gives this Court any authority to discipline the judge by assessing the judge the costs of the Judicial Tenure Commission proceedings against him or her." [*In re Trudel,* 477 Mich 1202, 1203 (2006).]

And as I later stated in my dissent from a November 2, 2007, order by a majority of the Court granting a default judgment against the garnishee defendant, California Charley's Corporation, the apparent sole shareholder being Judge Gerard Trudel:

> While under Const 1963, art 6, § 30(2) the Supreme Court also has the authority to "make rules implementing this section [concerning the Judicial Tenure Commission]," the Supreme Court *cannot* create Judicial Tenure Commission rules that authorize the Judicial Tenure Commission to recommend to the Supreme Court something that the Supreme Court does not have constitutional authority to do. The rule-making authority available to the Supreme Court is limited to making rules "implementing this section." And, because "this section" provides that "the supreme court may censure, suspend with or without salary, retire or remove a judge," this Court only has the authority to make rules implementing the section in connection with the *censure, suspension with or without salary, or retirement or removal of a judge*. Assessment and collection of costs is not included in this authority to discipline a judge. As the Supreme Court does not have authority to assess and collect costs granted to it by the Michigan Constitution, there is no corresponding rule-making authority to provide for the Judicial Tenure Commission to recommend to the Supreme Court the assessment and collection of costs against a respondent judge. This Court may not delegate authority that it lacks in the first place. [*In re Hon Trudel,* 480 Mich 1213, 1214 (2007) (citation omitted).]

YOUNG, J., dissents and states as follows:

I dissent from this Court's order directing petitioner to produce additional evidence to support its motion. This is respondent's second motion for the appointment of a receiver. This Court denied petitioner's first motion because petitioner "[had] not shown that all less intrusive means, such as a creditor's examination, were ineffective. *Reed v Reed*, 265 Mich App 131, 162 (2005)." *In re Trudel*, 477 Mich 1202, 1203 (2006). As is evident from this Court's order, petitioner has again failed to show that all less intrusive means were ineffective. Thus, I would deny petitioner's second motion.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

August 1, 2008

_____
Clerk

t0729